**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**CHRISTOPHER COLLINS** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 1:25-cv-362-TBM-RPM**

**1-10 PROPERTIES LLC; JAY K. JORDAN; MITCHELL'S TOWING SERVICES, INC.** **DEFENDANTS**

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

This matter is before the Court *sua sponte* on the Plaintiff's failure to comply with Court Orders. Christopher Collins filed this *pro se* action on December 2, 2025, against 1-10 Properties, Jay K. Jordan, and Mitchell's Towing Services, Inc. That same day, Collins filed a Motion [2] for leave to proceed in forma pauperis. Upon review of the Complaint and the Motion to proceed in forma pauperis, United States Magistrate Judge Robert P. Myers set an omnibus hearing for March 24, 2026. The notice of hearing was mailed to Collins at his address of record, but it was returned as undeliverable on March 2, 2026. [3]. Collins did not appear at the omnibus hearing.

Judge Myers issued an Order to Show Cause [4] for why this matter should not be dismissed for failure to prosecute, directing Collins to respond by April 7, 2026. The Order cautioned that "failure to respond to this Order may result in dismissal of this action without further notice" and that it is "his responsibility to prosecute this case and to advise this Court of a change of address." [4]. On April 7, 2026, Collins filed a Notice of Change of Address [5] and a Response [6] to the Order to Show Cause. As a result, Judge Myers set a second omnibus hearing for June 15, 2026. The notice of hearing was mailed to Collins at his address of record, and although it was not returned as undeliverable, Collins did not appear for the second omnibus hearing either.

Judge Myers issued a Second Order to Show Cause [7] for why this matter should not be dismissed for failure to prosecute, directing Collins to respond by July 1, 2026. The Order cautioned that "failure to respond to this Order may result in dismissal of this action without further notice" and that it is "his responsibility to prosecute this case." [7], p. 2. Rather than responding to the Second Order to Show Cause, however, Collins filed an Amended Complaint [8]. As a result, Judge Myers issued a Third Order to Show Cause [9] for why this matter should not be dismissed for failure to prosecute, and was directed to respond by July 22, 2026. Collins was cautioned for the third time that "failure to respond to this Order may result in dismissal of this action without further notice" and that it is "his responsibility to prosecute this case." [9], p. 2. To date, Collins has not responded to the Second Order to Show Cause, the Third Order to Show Cause, or otherwise contacted the Court about his case since June 30, 2026. For the reasons discussed below, this case is dismissed without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) governs motions to dismiss for failure to prosecute and provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

FED. R. CIV. P. 41(b).

"District courts may . . . dismiss cases *sua sponte* [and] *sua sponte* dismissal is appropriate when a plaintiff fails to prosecute her case." *Carver v. Atwood*, 18 F.4th 494 (5th Cir. 2021) (internal citation omitted). Moreover, a Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). But "[l]esser sanctions such as . . .

dismissal without prejudice are usually appropriate before dismissing with prejudice[.]"[1] *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (internal citations omitted).

Since filing this *pro se* action on December 2, 2025, Collins has not responded to two of Judge Myers' Orders to Show Cause—despite being warned of the consequences. [7], p. 2 ("failure to respond to this Order may result in dismissal of this action without further notice"); [9], p. 2 ("failure to respond to this Order may result in dismissal of this action without further notice").

Accordingly, the Court finds that this lawsuit should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

IT IS ORDERED that this matter is DISMISSED WITHOUT PREJUDICE.

THIS, the 30th day of October, 2026.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE

[1] Dismissal with prejudice is appropriate only when there is "a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). At this stage, the facts of this case do not warrant a with prejudice dismissal.